IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

| | |
|---|---|
| DURANGO GEORGIA PAPER COMPANY, ) <br> DURANGO GEORGIA CONVERTING ) <br> CORP., and DURANGO-GEORGIA ) <br> CONVERTING, LLC ) <br> ) <br> Debtors ) <br> ) <br> _____ ) <br> ) <br> THE CHAPTER 11 BANKRUPTCY ) <br> ESTATES OF DURANGO GEORGIA ) <br> PAPER COMPANY, DURANGO ) <br> GEORGIA CONVERTING ) <br> CORPORATION and DURANGO ) <br> GEORGIA CONVERTING, LLC, ) <br> BY AND THROUGH THEIR ) <br> LIQUIDATING TRUSTEE, ) <br> BRIDGE ASSOCIATES, LLC ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> NORTH RIVER, LLC ) <br> ) <br> Defendant ) <br> ) | CHAPTER 11 CASE <br> NUMBER <u>02-21669</u> <br><br><br><br><br><br><br><br><br> ADVERSARY PROCEEDING <br> NUMBER <u>09-02008</u> |

**REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA**

Before me is the Defendant North River LLC's Notice of Removal of Civil Action. The action was removed from the Superior Court of

1

Camden County, Georgia directly to this Court. 28 U.S.C. § 1452 requires removal of a civil action to the district court for the district where the civil action is pending. The District Court may then in the District Court's discretion refer bankruptcy-related cases to the Bankruptcy Court for the district. Removal of this action was procedurally improper because the Defendant removed the action directly to this Court instead of removing to the District Court for the Southern District of Georgia.

This involves a state law issue contending a default on a promissory note that would be best adjudicated in the state court system. Therefore, I respectfully recommend that that the District Court abstain under 28 U.S.C. § 1334(c)(1) and remand the action to the Superior Court of Camden County, Georgia.

## Background

On December 8, 2008, the Bankruptcy Estates of Durango Georgia Paper Company, Durango Georgia Converting Corp. and Durango Georgia Converting, LLC, by and through their Liquidating Trustee, Bridge Associates, LLC, (collectively, "Plaintiff") filed a Complaint on Promissory Note in the Superior Court of Camden County, Georgia (Adversary Proceeding Docket No. 1-2, Exhibit A-1). In its Complaint on Promissory Note, Plaintiff states that it seeks a judgment against North River for the principal amount plus accrued interest, late fees, attorneys' fees, post-judgment

AO 72A
(Rev. 8/82)

interest, and court costs. The Defendant, North River LLC, filed a Notice of Removal of this complaint directly with this Court on February 6, 2009 (Adversary Proceeding Docket No. 1).

On June 25, 2004, the Honorable Lamar W. Davis, Jr., judge of this Court, entered an Order Confirming Joint Amended Plan of Liquidation of Debtors and the Official Committee of Unsecured Creditors (Bankruptcy Case Docket No. 963). That order provided:

> This Plan is a liquidating chapter 11 plan. The funds required for the implementation of this Plan and the distributions hereunder shall be provided from the proceeds of the liquidation of the Assets of the Debtors and the Estates, including any net recoveries from pursuit of the Causes of Action.

(Chapter 11 Plan § 5.1, Bankruptcy Case Docket No. 729).

On December 15, 2005, the Liquidating Trustee and The Landmar Group, LLC entered into an Asset Purchase Agreement (Bankruptcy Case Docket No. 2165, Exhibit A) in which North River, LLC, wholly owned by The Landmar Group, was to purchase real property in Camden County, Georgia, from the Bankruptcy Estates for a total purchase price of $36.45 million. After three subsequent amendments to the Asset Purchase Agreement and a supplemental hearing on December 21, 2006, I entered an Order Granting Liquidating Trustee's Motion to Enter into the Fourth Amendment to Asset Purchase Agreement (Bankruptcy Case Docket No. 2467). In that order, the United States Bankruptcy Court for the Southern District of Georgia

> "retain[ed] jurisdiction over the Seller, Purchaser, Respondents and Objectors *for the purpose of making such*

3

AO 72A
(Rev. 8/82)

> *modifications or revisions to this Order* as may be required to carry out the intent thereof, until the entry of a Final Decree in the Bankruptcy Cases."

(Order Granting Liquidating Trustee's Motion 5) (emphasis added).

At closing, $7,000,000.00 of the $36,450,000.00 was paid in cash, and the remainder was seller-financed. The promissory note at issue was executed and delivered on December 28, 2006, as evidence of North River's obligation to Plaintiff for the purchase of real properties in Camden County. (Notice of Removal of Civil Action, Exhibit A, Adversary Proceeding Docket No. 1). The principal amount was $29,450,000.00. A Deed to Secure Debt and Security Agreement was also filed on December 28, 2006. (Notice of Removal of Civil Action, Exhibit B).

Under the terms of the Promissory Note, North River was to make quarterly payments of interest beginning on March 28, 2007. On March 28, 2008, Plaintiff and North River entered into the First Extension Agreement which gave North River until April 15, 2008 to pay its quarterly interest payment which was due on March 28, 2008. North River failed to make the quarterly interest payment by April 15, 2008, which constituted a default under the Note. On April 24, 2008, Plaintiff notified North River by letter that due to the default, Plaintiff was accelerating all obligations due under the note. North River did not pay Plaintiff the amounts demanded.

4

The parties have filed numerous motions, responses, and replies, but for the reasons discussed below, it is unnecessary to address these matters.

### Removal

Removal from a state court to a federal court is governed by 28 U.S.C. § 1452, which requires a civil claim or cause of action to be removed to the district court for the district where the action is pending. 28 U.S.C. § 1452(a).[1]

A district court may refer all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy court for that district. 28 U.S.C. § 157(a).[2] It is unclear whether a party may remove a case or proceeding directly to a bankruptcy court instead of a district court, and courts interpret the removal statute differently. Gen. Instrument Corp. v. Fin. & Bus. Servs., Inc. (In re Finley) 62 B.R. 361, 365-66 (Bankr. N.D. Ga. 1986); 1 Bankruptcy Desk Guide §

---

[1] 28 U.S.C. § 1452(a) states:
   A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[2] 28 U.S.C. § 157(a) states:
   Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

7:118. Some courts have decided that the notice of removal is proper if filed in bankruptcy court in a jurisdiction where all Title 11 proceedings are automatically referred to the bankruptcy court. 1 Bankruptcy Desk Guide § 7:118. Other courts have interpreted the statute narrowly and hold that a case must first be removed to the district court. See 1 Bankruptcy Desk Guide § 7:118; In re Finley, 62 B.R. at 365; In re Schuler, 45 B.R. 684, 686 (Bankr. D. N.D. 1985). Among the courts taking this view, there is also disagreement over the issue of whether referral to the bankruptcy court is automatic or if a special and separate order of reference is necessary. 1 Bankruptcy Desk Guide § 7:118; In re Finley, 62 B.R. at 365-66. Some district courts have provided for automatic referral by a general order or local rule. See In re Finley, 62 B.R. at 365; In re Schuler, 45 B.R. 684, 686. Such is the case in the Southern District of Georgia. By general order dated and filed in the District Court on July 13, 1984,

> All cases under Title 11 U.S.C. and all proceedings arising under Title 11 U.S.C. or arising in or related to a case under Title 11 U.S.C. are hereby and shall hereinafter be referred to the bankruptcy judge of this District pursuant to 28 U.S.C. § 157, as contained in Public Law 98-353, 98 Stat. 333, nunc pro tunc as of July 11, 1984, pursuant to a direction of the judges of this Court.

Bankruptcy Rule 9027(a)(1) provides that notice of removal is to be filed "with the clerk for the district and division within which is located the state or federal court where the civil action

6

is pending." Fed. R. Bankr. P. 9027(a)(1); 10 Collier on Bankruptcy ¶ 9027.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005). According to Bankruptcy Rule 9001(3), "clerk" is defined as the "bankruptcy clerk, if one has been appointed, otherwise clerk of the district court." Fed. R. Bankr. P. 9001(3). Bankruptcy Rule 9001(3) in conjunction with Bankruptcy Rule 9027 appears to allow the notice of removal to be filed with the bankruptcy clerk rather than the district court clerk. See Fed. R. Bankr. P. 9001(3), 9027(a)(1); 10 Collier on Bankruptcy ¶ 9027.03.

However, it is well-established that the Bankruptcy Rules cannot contradict a federal statute. See 28 U.S.C. § 2075. 28 U.S.C. § 2075 states that the Bankruptcy Rules shall not abridge, enlarge or modify any substantive right. When a rule comes into conflict with a statute, the statute prevails.

28 U.S.C. § 1452(a) clearly states that a claim or cause of action must be removed to the district court. In the event that Bankruptcy Rules 9001(3) and 9027 come into conflict with 28 U.S.C. § 1452(a), the statute prevails. Thus, I agree with the courts that interpret the removal statute as requiring removal to the district court first.

Automatic referral of Title 11 cases and related proceedings to the Bankruptcy Court would have occurred in this matter had the Defendant North River at first instance removed the case to the District Court as required by 28 U.S.C. § 1452(a). See In re

7

Schuler, 45 B.R. at 686. Of course, any such referral is subject to the District Court's withdrawal of the reference and retention of any bankruptcy matter. See 28 U.S.C. § 157(d).[3] Hence, there is the requirement that the matter procedurally pass through the District Court. Therefore, it is necessary that a party who wishes to have a case heard in the Bankruptcy Court for the Southern District of Georgia first remove the case to the District Court for the Southern District of Georgia. The reference to this Court appears automatic unless the District Court withdraws the reference and retains jurisdiction.

Because the Defendant North River LLC removed the action to this Court directly instead of the District Court, removal was improper. However, a simple dismissal of the removal on the grounds that it was improper would be a waste of the parties' and Court's time, because the Defendant could simply re-file the removal in the District Court. Therefore, it is my recommendation that the District Court order this matter transferred from the Bankruptcy Court, withdraw the reference, and have the matter filed in the District Court, thereby taking jurisdiction of this otherwise improperly removed action. Furthermore, while the

---

[3] 28 U.S.C. § 157(d) states in relevant part:
　　The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

Plaintiff has not sought remand[4] or abstention, the Plaintiff has taken the position that it will not accept a final order of this Court.[5] (Pls.' Statement Upon Def.'s Notice of Removal of Civil Action 2, Adversary Proceeding Docket No. 4).

## Jurisdiction

Upon the District Court taking jurisdiction of this action, I further recommend that the District Court permissively abstain under 28 U.S.C. § 1334(c)(1) and remand the case to the Superior Court of Camden County, Georgia.

Under 28 U.S.C. § 1334(c)(1), a district court may abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.[6] Permissive abstention is allowed when to do so would be "in the interest of justice, or in the interest of comity with State courts or respect

---

[4] The Liquidating Trustee stated in Plaintiffs' Statement Upon Defendant's Notice of Removal of Civil Action (Adversary Proceeding Docket No. 4) that it would be filing a motion to remand the action back to the Superior Court of Camden County, Georgia. However, no motion to remand has been filed.

[5] It is apparent that the parties are attempting to get multiple "bites at the apple." Whether removal to this Court is appropriate, whether the District Court or this Court has jurisdiction, whether this is a core or non-core matter, and whether this Court may even enter a final order are all outstanding questions which would allow a losing party "second" *ad infinitum* "bites at the apple." Adjudication in state court on this state law cause of action will provide finality.

[6] 28 U.S.C. § 1334(c)(1) states in relevant part:
. . . nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

for state law." 28 U.S.C. § 1334(c)(1). Permissive abstention may be raised by the court *sua sponte*. <u>In re Pacific Gas & Electric Company</u>, 279 B.R. 561, 567 (Bankr. N.D. Ca. 2002); <u>In re Potter</u>, 2007 Bankr. LEXIS 3903, *29 (Bankr. D. N.M. June 6, 2007). Furthermore, permissive abstention by the District Court is non-reviewable and may not be appealed. See 28 U.S.C. § 1334(d).[7]

North River argues that this Court has jurisdiction to consider this matter based on language in the Debtors' Chapter 11 plan that states:

> The funds required for the implementation of this Plan and the distributions hereunder shall be provided from the proceeds of the liquidation of the Assets of the Debtors and the Estates, including any net recoveries from pursuit of the Causes of Action.

(Chapter 11 Plan § 5.1, Bankruptcy Case Docket No. 729). However, simply citing to the Plan does not mean that this Court retains jurisdiction over post-confirmation disputes as to the sale of those assets. The language that North River cites to does not support a conclusion that this Court obtains such broad post-confirmation jurisdiction.

North River further argues that this is a matter concerning the implementation, execution and/or consummation of a confirmed plan, and as such, it is a "core proceeding" over which this Court has jurisdiction. (Def.'s Motion for Order in Aid of

---

[7] 28 U.S.C. § 1334(d) states in relevant part:
  Any decision to abstain or not to abstain made under subsection (c) . . . is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court of the United States . . . .

10

Implementation, Execution and Consummation of Confirmed Plan of Liquidation 22, Adversary Proceeding Docket No. 2). However, this is not a matter concerning the implementation, execution or consummation of a confirmed plan; it is simply a suit over a default on a promissory note, which is merely a state law issue.

Furthermore, the language in the Order Granting Liquidating Trustee's Motion to Enter into the Fourth Amendment to Asset Purchase Agreement does not provide for jurisdiction over a post-confirmation state law issue. The order stated that Bankruptcy Court for the Southern District of Georgia "retain[ed] jurisdiction . . . for the purpose of making such modifications or revisions to this Order as may be required . . . " (Order Granting Liquidating Trustee's Motion 5). This language does not confer or retain jurisdiction to adjudicate this state law claim.

Regardless of whether this proceeding is core or non-core, the only jurisdictional claim in this cause of action is 28 U.S.C. § 1334(b), which gives district courts original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. There is no other basis for jurisdiction in the confirmed plan, orders of the Bankruptcy Court, or elsewhere. Neither the provision in the Chapter 11 Plan nor the reference in the Order Granting Liquidating Trustee's Motion to Enter into the Fourth Amendment to Asset Purchase Agreement provides for a retention of jurisdiction by the

11

Bankruptcy Court to adjudicate this post-confirmation purely state law cause of action.

The Complaint states a state law cause of action, default on a promissory note. The state court system has clear jurisdiction and adjudication in the state court system would bring finality. The Superior Court of Camden County, Georgia, not this Court or the District Court, is best suited to adjudicate this matter to a prompt final adjudication. Thus, permissive abstention is in the interest of justice and in the interest of comity with State courts and respect for State law.

## Conclusion

This action was improperly removed under 28 U.S.C. § 1452 to this Court. Instead of merely remanding on the grounds the action was improperly removed, I respectfully recommend that the District Court order the matter transferred to the District Court, withdraw the automatic reference, and take jurisdiction of this action to prevent the necessity of the parties re-filing the removal. I further recommend that the District Court use its discretion to abstain under 28 U.S.C. § 1334(c)(1) and remand the action to the Superior Court of Camden County, Georgia to adjudicate this state law issue which is best resolved in the state court system.

AO 72A
(Rev. 8/82)

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
This ____8th____ day of May, 2009.

13